BOARD OF SUPERVISORS OF WILKINSON COUNTY *v.* W. A. FITTS.

TAX SALE. *Purchase of State's title. Right to have money refunded under § 537, Code 1880.*

Section 537 of the Code of 1880 provides that "if land shall be sold for taxes when no taxes are due on it, or it is not liable to be sold for taxes, the sum paid by the purchaser for the amount of his bid and the costs of the sale and conveyance, with six per cent. interest per annum, shall be refunded to him or to the holder under him by descent or purchase, immediately or mediately, by the State or county, respectively, in proportion to the amount received by each." The State's vendee of a tax-title is as much entitled to the benefit of this provision as the purchaser at a sale for taxes by a tax collector.

APPEAL from the Circuit Court of Wilkinson County.

HON. J. B. CHRISMAN, Judge.

In 1875 certain lands in Wilkinson County belonging to the State were erroneously assessed to Raymond & Gasbreet, and were

sold under that assessment for delinquent State and county taxes, and were bought in by the State. The lands remained on the list of forfeited lands in the auditor's office until 1883, when Alston and Fitts purchased the title of the State derived from the tax sale, paying to the county of Wilkinson the delinquent taxes supposed to be due it in addition to the amount paid to the State. In 1884 Fitts purchased Alston's interest. In 1885, on the discovery of the defect in the tax-title, the State refunded the money collected from Fitts, with interest. The Board of Supervisors of Wilkinson County refused to refund the amount paid the county, and Fitts thereupon instituted this suit against the board to recover the amount so paid the county, in accordance with the provisions of § 537, Code of 1880. The judgment was for the plaintiff, and the defendant appealed.

*Hugh L. Davis*, for the appellant.

Unless the statute relied upon directly authorizes and justifies this proceeding, it is not maintainable. *Cogburn* v. *Hunt*, 56 Miss. 723 (bottom). Payment of taxes, when none are legally due or when it is not the " duty " of a party to pay, and he has not been requested to do so, is but a voluntary contribution to the revenues of the State or a gratuity bestowed upon the individual, and no indebtedness thereby accrues in favor of the party paying the money. Cooley on Taxation 572, 567 *et seq.*; 10 Allen 49; 34 Maine 266. But cases are directly in point and turn on the proof that purchaser obtained no title to lands. To escape this view and the force of the decisions the appellee invokes the statute, §§ 536 and 537, Code 1880, similar to §§ 1718 and 1719, Code 1871, and the decision in *Cogburn* v. *Hunt*, 56 Miss. 718. ·

The statute, as it stands in the Code of 1880, admits of no doubt as to its meaning, whatever surmises may be indulged in as to the § 1719. The addition to § 537, making the tax collector liable on his bond, excludes the idea that the collector can be inferred to be the auditor. But *Cogburn* v. *Hunt* construes the statute, § 1719, to refer to tax sales only, and these sales by the tax collectors and not the auditor, if it decides anything.

*D. C. Bramlett,* for the appellee.

It is contended that § 537 of Code of 1880 modified the provisions of § 1719, Code of 1871, by restricting the operation of the law in such cases therein provided for to individual purchasers of land at tax sales, and withholding and denying any relief in cases where the land was struck off to the State and afterward sold and conveyed by the State to individuals, basing this construction upon the addition of the last sentence of § 537, Code 1880, which is not a part of § 1719, Code 1871, and admitting that by the latter section appellee was entitled to the relief sought to be obtained by this suit. This additional provision in § 537 was only for the protection of the State and county in cases where the collector had failed to pay over the money to the State and county, and was in no sense a restriction of the right of the purchaser, but only restricted his remedy where the money had not been paid to the State and county to a suit against the collector and his sureties, whether sheriff or auditor. This provision has no application in this case, for the amount sued for was paid into the county treasury.

If authority is needed in support of our case, we would call the attention of the court to the case of *Cogburn* v. *Hunt,* 56 Miss. 718, in which the object, purport, meaning, and policy of the law under which this action is brought are fully discussed. And while it is true the precise question in the case here was not then before the court, yet the opinion of the court is so broad and comprehensive that what it says in relation to the precise question here cannot be for a moment considered as mere dicta.

CAMPBELL, J., delivered the opinion of the court.

The State's vendee is entitled to the benefit of § 537 of the code.                                                    *Affirmed.*